# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Juan Nuno Velasco,<br><br>    Plaintiff,<br><br>v.<br><br>Sheriff Dennis Balaam,<br><br>    Defendant. | Case No. 2:23-cv-00192-CDS-DJA<br><br>**Order** |

  Before the Court is Plaintiff's "motion for identifying and correcting the summons" (ECF No. 29) and motion to extend time to serve defendants (ECF No. 30). In his motion to extend time, Plaintiff seeks to extend the June 14, 2024 deadline that the Court set for Plaintiff to send his USM-285 forms to the United States Marshals Service (USMS). (ECF No. 30). Plaintiff explains that he has had difficulty setting an appointment with the library to complete and send his forms. The Court finds that Plaintiff has demonstrated good cause and grants his motion to extend time. *See* Fed. R. Civ. P. 6(b); *see* Fed. R. Civ. P. 4(m). The Court extends the deadline by which Plaintiff must submit his forms to the USMS by thirty days until July 15, 2024. The Court will also extend the service deadline by thirty days until September 23, 2024.

  In his "motion for identifying and correcting the summons," Plaintiff asserts that the Court wrongfully issued summons to Sheriff Dennis Balaam, who is deceased, and Sheriff Joe Lombardo (instead of Governor Joe Lombardo). (ECF No. 29). Plaintiff is correct that the summons issued to "Sheriff Joe Lombardo" (ECF No. 28) did not match the Court's order, which required the summons to be issued to "Governor Joe Lombardo" (ECF No. 26 at 15). So, the Court will re-issue that summons.

  On the other hand, none of Plaintiff's claims in his amended complaint are proceeding against Sheriff Darin Balaam. Plaintiff's first claim is proceeding against Sheriff Dennis Balaam because Sheriff Dennis Balaam is the person Plaintiff named in that claim. Plaintiff did not

mention Sheriff Darin Balaam in his first claim or state that he brought his claim against the current, and not the former, sheriff. If Plaintiff wishes to amend his complaint to name Sheriff Darin Balaam in place of Sheriff Dennis Balaam, he may do so. But at this stage, because no claims are proceeding against Sheriff Darin Balaam, the Court will not issue summons to him.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend time (ECF No. 30) is **granted.** Plaintiff shall have until **July 15, 2024** to send the USMS his Forms USM-285. Plaintiff shall have until **September 23, 2024** to accomplish service.

**IT IS FURTHER ORDERED** that the Clerk's Office is kindly directed to send Plaintiff two blank copies of the Form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff's "motion for identifying and correcting the summons" is **granted in part and denied in part.** It is granted in part regarding Plaintiff's request that the Court re-issue the summons for Governor Joe Lombardo. It is denied in part regarding Plaintiff's request that the Court issue summons for Sheriff Darin Balaam.

**IT IS FURTHER ORDERED** that the Clerk's Office is kindly directed to issue a summons for Governor Joe Lombardo.

///

///

///

**IT IS FURTHER ORDERED** that the Clerk's Office is kindly directed to send the following to the USMS for service:

- two copies of this order,
- two copies of the summons to Governor Joe Lombardo,
- two copies of Plaintiff's complaint filed at ECF No. 27, and
- two copies of the Court's screening order at ECF No. 26.[1]

DATED: June 11, 2024.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court requires two copies of these documents to be sent because Nevada Rule of Civil Procedure 4.2(d)(2) requires that public officers of the State must be served by delivering a copy of the summons and complaint to "the Attorney General, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City," *and* to "the current or former public officer or employee, or an agent designated by him or her to receive service of process.