UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Juan Nuno Velasco,

        Plaintiff

v.

Sheriff Dennis Balaam, et al.,

        Defendants

Case No. 2:23-cv-00192-CDS-DJA

**Order Granting Defendant Oliver's Motion to Dismiss and Denying Plaintiff's Motion for Default Judgment**

[ECF Nos. 34, 44]

      Plaintiff Juan Nuno Velasco, a prisoner at Southern Desert Correctional Center, brings the present lawsuit against defendants Washoe County Sheriff Dennis Balaam, Washoe County Sheriff Darin Balaam, Governor Joe Lombardo, Nevada Department of Corrections ("NDOC") Director James Dzurenda, Lovelock Correctional Center ("LCC") Associate Warden Kara Le Grand, and Southern Desert Correctional Center ("SDCC") Warden Ronald Oliver for damages, alleging six causes of action related to his claim that defendants prevented his return to California for more than twenty years by destroying and concealing his extradition files. First am. compl., ECF No. 27 at 4. Defendant Oliver moves to dismiss the only claim brought against him—Claim 6—for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), and on the basis of qualified immunity. ECF No. 34. The motion is fully briefed.[1] Whether Velasco was seeking habeas relief or civil rights relief, he did so long after the statute of limitations on either claim had run, the claim that SDCC allegedly failed to provide him consistent and effective law library time and assistance does not withstand Oliver's motion, and therefore I dismiss Claim 6.

---

[1] *See* Velasco resp., ECF No. 38; Oliver reply, ECF No. 39. Velasco also filed a "brief to support the opposition to defendant's motion to dismiss claim 6" which the court will construe as a surreply. ECF No. 40. Velasco did not seek leave of the court to file this surreply as is required by the court's local rules. LR 7-2 ("Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged."). However, because Velasco alleges his access to legal research materials has been restricted, I will consider his surreply. However, any future surreplies will not be considered if Velasco does not first seek leave of the court to submit them as required by the local rules.

Separately, Velasco seeks default judgment against Governor Joe Lombardo for his failure to respond to Velasco's summons. ECF No. 44. The governor did not respond to this motion. However, because Velasco did not first seek entry of default with the Clerk, this motion is denied without prejudice.

I. Discussion

    A. Oliver's motion to dismiss Claim 6

        1. *Legal standard*

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated

failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

### 2. *Claim 6 is dismissed without prejudice.*

Velasco's sixth cause of action is titled "access to the courts–under Privilege and Immunities Clause of Article IV of the Constitution, the First Amend Petition Clause, the Fifth Amend Due Process Clause, and the Fourteenth Amend Equal Protection and Due Process Clauses." ECF No. 27 at 10. Velasco alleges that when he first got to SDCC, he was assaulted and placed in segregation as a result. *Id.* at 9. While he was in segregation following the assault, he requested his legal materials but the SDCC law library failed to provide them for months, causing him to miss a deadline and forcing him to re-start his state court habeas proceeding. *Id.* at 10. Velasco asserts that the SDCC law library has also failed to provide him with forms he has requested and has provided him faulty information, frustrating his right to access the courts. *Id.* Velasco adds that he has been held in segregation from April 27, 2022, until February 4, 2023, and again from March 26, 2023, until July 21, 2023, without access to the yard in retaliation for his lawsuits. *Id.* Velasco alleges that Oliver is responsible for depriving him of his access to the courts because Oliver is responsible for ensuring that inmates have reasonable access to the law library. *Id.*

Oliver moved to dismiss this claim arguing first that, even assuming the truth of Velasco's allegations, he was not "actually prejudiced" by the prison's alleged conduct because Velasco's petition for a writ of habeas corpus was untimely, and his U.S. Supreme Court petition was not a habeas matter. ECF No. 34 at 6–7. Separately, Oliver argues that he is entitled to qualified immunity. *Id.* at 7–10.[2] Velasco's response again discusses the assault, references a habeas petition he filed back in 2013, and acknowledges that the matter before the Supreme Court was a writ of mandamus. ECF No. 38 at 2–3.

---

[2] Because I dismiss Velasco's claim on the grounds that he was not "actually prejudiced," I do not address Oliver's qualified immunity argument.

1        To show actual injury for an access-to-courts claim, an inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). This is because "meaningful access to the courts is the touchstone." *Id.* (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977)). Although "adequate law libraries or adequate assistance from persons trained in the law" confer meaningful access, *Bounds*, 430 U.S. at 828, the right to access is not "an abstract, freestanding right to a law library or legal assistance," *Lewis*, 518 U.S. at 351. "[T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* Only the hindrance of "direct appeals from the convictions for which they were incarcerated," "habeas petitions," and "civil rights actions" implicate the access right recognized in *Bounds. Id.* at 354. The hindered claim must also be "nonfrivolous," as "[d]epriving someone of a frivolous claim . . . deprives him of nothing at all[.]" *Id.* at 353 n.3. A claim is nonfrivolous in this context if the plaintiff can "show that the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002).

        Therefore, Velasco must allege that he was prevented from filing a direct appeal of his conviction, a habeas petition, or a civil rights action. He does not adequately plead any of these hindrances. First, the parties agree that Velasco's petition to the U.S. Supreme Court was a writ of mandamus, which does not fall into any of these categories. *See, e.g.*, *Mitchell v. Carson City Sheriff's Off.*, 2022 WL 20335730, at *5 (D. Nev. Dec. 12, 2022) ("Because the right of access to the courts is limited to direct criminal appeals, habeas corpus proceedings, and § 1983 actions, Plaintiff's alleged injuries in his . . . writ of mandamus case [is] not eligible for his denial of access to the court claim." (citing *Lewis*, 518 U.S. at 355)). Although it is not made clear from his complaint, Velasco does not appear to allege that he was seeking § 1983 relief as a result of the assault when he was denied access to the library, but instead was seeking courts to review his extradition and subsequent handling of his documents by Nevada officials. *See* Am. compl., ECF

No. 27 at 10 (arguing that, had he not had his right to access the courts frustrated, Velasco would have been "returned . . . back to California"). He does not allege that he was working on matters related to a direct appeal of his conviction.

Whether he was seeking habeas relief, § 1983 civil rights relief, or both, related to his confinement in Nevada as a result of his extradition from California, Velasco's claims fail under *Lewis*, as they must be nonfrivolous to maintain his action against Oliver. *See Lewis*, 518 U.S. at 353 n.3 ("Depriving someone of a frivolous claim . . . deprives him of nothing at all[.]") For Velasco, the issue here is that timing renders this claim frivolous.

Velasco argues that his right to access both state and federal courts was violated by SDCC. ECF No. 27 at 10. Under federal law, a habeas corpus petition is subject to a one-year statute of limitations as set forth in the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2244(d). This statute of limitations runs from:

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* In Nevada, a petition that challenges the validity of a judgment of conviction or sentence must be filed within one year after entry of the judgment of conviction or, if an appeal has been taken from the judgment, within one year after the appellate court of competent jurisdiction issues its remittitur. Nev. Rev. Stat. § 34.726(1). This one-year deadline applies to successive petitions as well. *Pellegrini v. State*, 34 P.3d. 519 (Nev. 2001). In Nevada, good cause for delay exists if the petitioner demonstrates to the satisfaction of the court (1) that the delay is not the fault of

5

the petitioner; and (2) that dismissal of the petition will unduly prejudice the petitioner. Nev. Rev. Stat. § 34.726(1).

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). However, "under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." *Id.* at 689 (internal quotation marks omitted). Velasco refers to Case No. 3:13-cv-00431-MMD-VPC as his last habeas petition. Resp., ECF No. 38 at 2. Seeing as the docket for this case is a public record, I take judicial notice of it and consider it in my analysis of Oliver's motion. Judgment was entered in Case No. 3:13-cv-00431-MMD-VPC on September 12, 2017. ECF No. 72 in *Nuno Velasco v. Baker et. al.*, Case No. 3:13-cv-00431-MMD-VPC. Velasco does not allege that he had any other open cases. His transfer to SDCC, according to his complaint, occurred on April 25, 2022. ECF No. 27 at 10. That means that, based on the pleadings, more than four years had passed between the closing of Velasco's 2013 habeas petition and when he first entered Oliver's facility, well beyond the one-year statute of limitations for federal or state claims. And although Velasco alleges that his access to legal materials at SDCC was limited, the statute of limitations ran long before he entered the facility. He has not alleged that this delay was caused by any external factor. Therefore, because Velasco does not sufficiently address how any habeas claim he was trying to make while in SDCC would not have been barred by the statute of limitations, he has not shown that such a claim would be nonfrivolous under *Lewis*.

Section 1983 does not contain its own statute of limitations. Therefore, for actions under 42 U.S.C. § 1983, the federal courts apply the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 279–80 (1985). The applicable statute of limitations for § 1983 actions brought in Nevada is two years. Nev. Rev. Stat. § 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). Federal law determines when a cause of action accrues; a federal claim accrues when the plaintiff knows or has reason to know of the injury which is the

basis of the action. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Under Nevada law, several circumstances prevent the statute of limitations from running. Nev. Rev. Stat. § 11.250. Specifically, the statute will not run if a person is under the age of eighteen years, insane, or in the custodial care of the State beginning before the age of eighteen, except when the person is imprisoned, paroled or on probation. Nev. Rev. Stat. § 11.250(1)–(3). If Velasco is arguing that he was preparing a § 1983 claim regarding the alleged destruction of his extradition paperwork, the two-year statute of limitations had long passed by the time he entered SDCC in 2022. Therefore, just as with a habeas claim, Velasco has not demonstrated that a § 1983 a claim related to his confinement (as opposed to the April 27, 2022 assault or some other manner of civil rights violation that occurred during his time in SDCC) would be nonfrivolous under *Lewis*.

I therefore grant Oliver's motion to dismiss Claim 6. I do not give leave to amend because, as pled, it appears Velasco's claims are frivolous. To the extent he is attempting to bring a § 1983 action based on the allegations that he has been placed in segregation or is the victim of an assault, he should bring a new, separate action.

### B. Default judgment against Governor Lombardo

Velasco filed a motion for default judgment as to defendant Governor Joe Lombardo because, despite having apparently been served, the governor has not responded. ECF No. 44. Indeed, to date Lombardo as not responded to this action. However, the court's docket reveals that Velasco did not seek, and thus the Clerk of Court did not enter, a clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a) prior to the filing of the pending motion for default judgment.

Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55 provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

     (b) Entering a Default Judgment.

          (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

          (2) By the Court. In all other cases, the party must apply to the court for a default judgment.

Fed. R. Civ. P. 55(a)–(b). As the Ninth Circuit has clarified, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("[Plaintiff] apparently fails to understand the two-step process required by Rule 55."); *accord Symantec Corp. v. Glob. Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment); *see also Norman v. Small*, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010) (denying plaintiff's motion for default judgment because the clerk had not yet entered a default); *Cramer v. Target Corp.*, 2010 WL 2898996, at *1 (E.D. Cal. July 22, 2010) ("Obtaining a default judgment in federal court is a two-step process that includes: (1) entry of default and (2) default judgment."); *Bach v. Mason*, 190 F.R.D. 567, 574 (D. Idaho 1999) ("Plaintiffs have improperly asked this court to enter a default judgment without first obtaining an entry of default by the clerk. Since plaintiffs' motion for entry of default judgment is improper, it is denied."), *aff'd*, 3 Fed. Appx. 656 (9th Cir. 2001), *cert. denied*, 534 U.S. 1083 (2002).

     Here, prior to moving for entry of default judgment, Velasco failed to request or obtain an entry of default from the Clerk of Court upon a showing by affidavit or otherwise that Governor Lombardo failed to plead or otherwise defend himself in the action. Thus, no default was entered against Governor Lombardo as required by Rule 55. Accordingly, Velasco's motion for default judgment is premature, and because it is not properly before the undersigned, the motion is denied without prejudice.

## II. Conclusion

IT IS THEREFORE ORDERED that Oliver's motion to dismiss claim 6 of Velasco's amended complaint **[ECF No. 34] is GRANTED** without leave to amend.

IT IS FURTHER ORDERED that Velasco's motion for default judgment **[ECF No. 44] is DENIED without prejudice**.

The Clerk of Clerk is kindly directly to enter judgment in favor of defendant Ronald Oliver only.

Dated: December 19, 2024

_____
Cristina D. Silva
United States District Judge