UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Juan Nuno Velasco, | Case No. 2:23-cv-00192-CDS-DJA |
| Plaintiff | **Order Denying Plaintiff's Motion for Clerk's Entry of Default and Ordering Plaintiff to Show Cause** |
| v. | |
| Sheriff Dennis Balaam, et al., | [ECF No. 50] |
| Defendants | |

Plaintiff Juan Nuno Velasco, a prisoner at Southern Desert Correctional Center, brings this lawsuit against defendants Washoe County Sheriff Dennis Balaam, Washoe County Sheriff Darin Balaam, Governor Joe Lombardo, Nevada Department of Corrections ("NDOC") Director James Dzurenda, Lovelock Correctional Center ("LCC") Associate Warden Kara Le Grand, and Southern Desert Correctional Center ("SDCC") Warden Oliver for damages, alleging six causes of action related to his claim that the defendants prevented his return to California for more than twenty years by destroying and concealing his extradition files. First am. compl., ECF No. 27 at 4. Velasco seeks a clerk's entry of default against Lombardo. Mot., ECF No. 50. The State of Nevada, an interested party, filed a response. Resp., ECF No. 51. The filing is fully briefed. *See* Reply, ECF No. 52. Because I find that Velasco has not properly served Governor Lombardo, his motion for entry of default is denied.

I.  Background

On May 24, 2024, Velasco was required by this court to "complete one Form USM-285 to be served on Governor Joe Lombardo at the Attorney General's Office and one to be served on Governor Joe Lombardo or an agent designated by him to receive service of process." ECF No. 26 at 16. He was provided two copies of the form for this purpose. *See id.* He was given until June 14, 2024, to send the forms. *Id.* at 17. He was then granted an extension to complete service by

September 23, 2024. ECF No. 31 at 2. He was provided two more copies of USM-285 and was given until July 15, 2024, to send the forms to the United States Marshals Service. *Id.* Velasco was reminded that service requires two copies of the document. *Id.* at 3 n.1 (explaining the requirements of Nevada Rule of Civil Procedure 4.2(d)(2)).

The record reflects that Velasco sent one USM-285 form asking the Marshals Service to serve Governor Lombardo at his office in Carson City, Nevada. ECF No. 37 at 1. In the special instructions, he stated: "By court's order . . . the Governor Joe Lombardo should be served at the . . . Attorney General's Office too at: 100 S. Carson St., Carson City, NV 89701." *Id.*

## II.     Legal standard

Unless federal law provides otherwise, an individual may be served in a judicial district of the United States by following state law for serving a summons. Fed. R. Civ. P. 4(e)(1). In Nevada,

> [a]ny current or former public officer or employee of the State who is sued in his or her official capacity or his or her individual capacity for an act or omission relating to his or her public duties or employment must be served by delivering a copy of the summons and complaint to:
>
> (A) the Attorney General, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City; and
>
> (B) the current or former public officer or employee, or an agent designated by him or her to receive service of process.

Nev. R. Civ. P. 4.2(d)(2). "If service of the summons and complaint is not made upon a defendant before the 120-day service period—or any extension thereof—expires, the court must dismiss the action, without prejudice, as to that defendant upon motion or upon the court's own order to show cause." *Id.* at 4(e)(2).

However, "the court 'must extend the service period' on request by motion before the service period has expired if a party shows 'good cause' to grant the extension." *Harris v. State*, 510 P.3d 802, 809 (Nev. 2022) (citing Nev. R. Civ. P. 4(e)(3)). "Further, even if the request to extend

1  the period comes after its expiration, the court nevertheless 'must extend the service period' so
2  long as the party shows 'good cause' to explain the failure to bring a timely motion and 'good
3  cause' to grant the extension." *Id.* (citing Nev. R. Civ. P. 4(e)(4)). "NRCP 4.2(d)(6) further
4  provides that '[t]he court must allow a party a reasonable time to cure its failure to . . . serve a
5  person required to be served under' subsection (d)(2) if the party has timely served at least one
6  of the other required parties (i.e., the Attorney General or public employee)." *Id.* The "'reasonable
7  time to cure' does not hinge on the failure to timely serve, but rather on the failure to serve the
8  appropriate individuals." *Id.* at 810. In fact, Nev. R. Civ. P. 4.2(d)(6) "requires a district court to
9  'allow' a plaintiff 'a reasonable time' to cure his or her failure to complete service on a state
10 official or employee if he or she has served one of the two required service recipients according
11 to the requirements set forth in NRCP 4.2(d)(2), even where the generally applicable 120-day
12 service period has expired." *Id.*

13    "'Neither actual notice, nor simply naming the person in the caption of the complaint,
14 will subject defendants to personal jurisdiction if service was not made in substantial
15 compliance with Rule 4.'" *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (quoting *Jackson v.*
16 *Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (internal citations omitted)). "As indicated by the
17 plain language of Rule 4(m), notice to the plaintiff must be given prior to sua sponte dismissal."
18 *Id.* (quoting *Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002) (per curiam)). "[A] district
19 court abuses its discretion when . . . it dismisses a complaint sua sponte for lack of service
20 without first giving notice to the plaintiff and providing an opportunity for [him] to show good
21 cause for the failure to effect timely service." *Id.* (citations omitted).

22 **III.    Discussion**

23    Velasco seeks a clerk's entry of default against Governor Lombardo but has yet to perfect
24 service on the governor. He has been given several opportunities and repeated instructions to file
25 two copies of the USM-285 form—one to be sent to the Governor's office and the other to the
26

3

Attorney General. ECF No. 26 at 16–17; ECF No. 31 at 2–3. Service was due on Governor Lombardo on September 23, 2024. ECF No. 31 at 2.

Although it is within the court's power to sua sponte dismiss the claims against Governor Lombardo—having already provided Velasco warning and explanation previously—I recognize the present circumstances of Velasco's situation; Velasco admits to struggling with English. *See* ECF No. 50 at 1 ("Now I confirm that my English it's not like I thought."). However, any new, proper service upon Governor Lombardo would be many months delinquent. Velasco asks, as alternative relief from a clerk's entry of default, that the U.S. Marshals Service perfect service. It is clear Velasco still does not understand that it is his responsibility, not that of the Marshals Service, to proffer two USM-285 forms. Velasco is therefore ordered to show cause—under the "good cause" standard described in *Harris v. State*—why the Governor was not properly served, why the court should extend the service deadline again, and, if necessary, why the court should provide him with two additional USM-285 forms.

## IV.    Conclusion

IT IS THEREFORE ORDERED that Velasco's motion for clerk's entry of default on his claims against Governor Lombardo **[ECF No. 50] is DENIED**.

IT IS FURTHER ORDERED that Velasco must show cause under the "good cause" standard why (1) the Governor was not properly served, (2) the court should extend the service deadline again, and, if necessary, (3) the court should provide him with two additional USM-285 forms. This filing is due to the court no later than Friday, February 28, 2025. Failure to comply with the court's order will result in dismissal with prejudice of the claims against Governor Lombardo without further notice of the court.

Dated: February 14, 2025

_____
Cristina D. Silva
United States District Judge