UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Juan Nuno Velasco, | Case No. 2:23-cv-00192-CDS-DJA |
| Plaintiff | **Order Discharging Show-Cause and Granting Plaintiff's Motion** |
| v. | |
| Sheriff Dennis Balaam, et al., | [ECF No. 54] |
| Defendants | |

Plaintiff Juan Nuno Velasco, a prisoner at Southern Desert Correctional Center ("SDCC"), brings this lawsuit against defendants Washoe County Sheriff Dennis Balaam, Washoe County Sheriff Darin Balaam, Governor Joe Lombardo, Nevada Department of Corrections Director James Dzurenda, Lovelock Correctional Center Associate Warden Kara Le Grand, and SDCC Warden Oliver for damages, alleging six causes of action related to his claim that defendants prevented his return to California for more than twenty years by destroying and concealing his extradition files. First am. compl., ECF No. 27 at 4. Velasco previously sought the clerk's entry of default against Lombardo. ECF No. 50. Finding that Governor Lombardo had not been properly served with two USM-285 forms—as Velasco was already aware is required by law—I ordered him to show cause under the "good cause" standard as to why (1) the Governor was not properly served, (2) the court should extend the service deadline again, and, if necessary, (3) the court should provide him with two additional USM-285 forms. *See* Order, ECF No. 53. Velasco responded with the present motion, asserting that he has been repeatedly given incorrect information, been transferred several times since initiating this complaint, and, as a result of several mistakes, had used up all but one of his copies earlier in the litigation. *Id.* at 2–3. He also represents that he has spoken with Ely State Prison and has been able to make

copies of the form that are prepared to be sent should I extend his window to serve Governor Lombardo again. *Id.* at 4.

As explained in my previous order, unless federal law provides otherwise, an individual may be served in a judicial district of the United States by following state law for serving a summons. Fed. R. Civ. P. 4(e)(1). In Nevada,

> [a]ny current or former public officer or employee of the State who is sued in his or her official capacity or his or her individual capacity for an act or omission relating to his or her public duties or employment must be served by delivering a copy of the summons and complaint to:
>
> (A) the Attorney General, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City; and
>
> (B) the current or former public officer or employee, or an agent designated by him or her to receive service of process.

Nev. R. Civ. P. 4.2(d)(2). "If service of the summons and complaint is not made upon a defendant before the 120-day service period—or any extension thereof—expires, the court must dismiss the action, without prejudice, as to that defendant upon motion or upon the court's own order to show cause." *Id.* at 4(e)(2).

However, "the court 'must extend the service period' on request by motion before the service period has expired if a party shows 'good cause' to grant the extension." *Harris v. State*, 510 P.3d 802, 809 (Nev. 2022) (citing Nev. R. Civ. P. 4(e)(3)). "Further, even if the request to extend the period comes after its expiration, the court nevertheless 'must extend the service period' so long as the party shows 'good cause' to explain the failure to bring a timely motion and 'good cause' to grant the extension." *Id.* (citing Nev. R. Civ. P. 4(e)(4)). Rule 4.2(d)(6) further "provides that '[t]he court must allow a party a reasonable time to cure its failure to . . . serve a person required to be served under' subsection (d)(2) if the party has timely served at least one of the other required parties (i.e., the Attorney General or public employee)." *Id.* The "reasonable

time to cure' does not hinge on the failure to timely serve, but rather on the failure to serve the appropriate individuals." *Id.* at 810. In fact, Nev. R. Civ. P. 4.2(d)(6)

> requires a district court to "allow'" a plaintiff "a reasonable time" to cure his or her failure to complete service on a state official or employee if he or she has served one of the two required service recipients according to the requirements set forth in NRCP 4.2(d)(2), even where the generally applicable 120-day service period has expired.

*Id.*

"'Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.'" *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (internal citations omitted)). "As indicated by the plain language of Rule 4(m), notice to the plaintiff must be given prior to sua sponte dismissal." *Id.* (quoting *Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002) (per curiam)). "[A] district court abuses its discretion when . . . it dismisses a complaint sua sponte for lack of service without first giving notice to the plaintiff and providing an opportunity for [him] to show good cause for the failure to effect timely service." *Id.* (citations omitted).

As discussed in my prior order, Velasco has been given several opportunities and repeated instructions to file two copies of the USM-285 form—one to be sent to the Governor's office and the other to the Attorney General. ECF No. 26 at 16–17; ECF No. 31 at 2–3. Service was due on Governor Lombardo on September 23, 2024. ECF No. 31 at 2.

Although it is within the court's power to sua sponte dismiss the claims against Governor Lombardo—having already provided Velasco warning and explanation previously—I recognize the present circumstances of Velasco's situation; Velasco admits to struggling with English. *See* ECF No. 50 at 1 ("Now I confirm that my English it's not like I thought."). Further, I find credible his representations that his previous failed attempt to correct service resulted from his several transfers and differing access to legal materials, chief among them being that he no longer had two clean copies of the form by the time he sought to serve Governor Lombardo. I

3

also find that, aside from this issue, he has otherwise been compliant with deadlines. *See, e.g.*, ECF No. 53 (docketed a week prior to when the response to the order to show cause was due). I therefore find that there is good cause to extend the deadline for service one final time to July 11, 2025. **This is the last extension I will afford Velasco to serve Governor Lombardo.**

Although Velasco notes that he was told at Ely State Prison that they could provide him with new USM-285 forms, to ensure that there is no reason why Velasco cannot serve Governor Lombardo, I also order that he be provided two additional USM-285 forms along with the copy of this order.

## Conclusion

IT IS THEREFORE ORDERED that Velasco's motion to extend service **[ECF No. 54] is GRANTED**. Velasco will have until June 13, 2025, to send the U.S. Marshals Service his Forms USM-285. Velasco shall have until July 11, 2025, to accomplish service.

IT IS FURTHER ORDERED that Velasco must complete one Form USM-285 to be served on Governor Joe Lombardo at the AG Office and one to be served on Governor Joe Lombardo or an agent designated by him to receive service of process.

Because Velasco has shown good cause for the delay, the order to show cause is discharged. The Clerk of Court is kindly directed to send Velasco two blank copies of Form USM-285, and the Ely State Prison Law Librarian must timely provide those two copies to Velasco.

Dated: May 22, 2025

_____
Cristina D. Silva
United States District Judge