UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Juan Nuno Velasco, | Case No. 2:23-cv-00192-CDS-DJA |
| Plaintiff, | |
| v. | **Order** |
| Sheriff Dennis Balaam, et al., | |
| Defendants. | |

Before the Court is pro se Plaintiff Juan Nuno Velasco's motion for protective order (ECF No. 73), motion "for reinforcement" (ECF No. 74), motion to join additional parties (ECF No. 76), and motion for discovery extension (ECF No. 77). Defendant Governor Joe Lombardo[1] did not respond to any of Plaintiff's motions. However, because Plaintiff's motions for protective order, "for reinforcement," and to join additional parties contain certain procedural and legal deficiencies, the Court denies them. The Court grants Plaintiff's motion for an extension of discovery because he has shown good cause for the requested extension.

**I.    Motion for protective order (ECF No. 73).**

Plaintiff's motion for protective order seeks two forms of relief. (ECF No. 73). The first is injunctive relief in the form of an order requiring the Nevada Department of Corrections ("NDOC") to keep Plaintiff at the Ely State Prison and the second is a protective order under Federal Rule of Civil Procedure 26(c)(1)(E) in which Plaintiff asks the Court to allow inmate Robert W. Elliot to assist in discovery. (ECF No. 73). Because the motion sought two forms of

---

[1] In screening Plaintiff's complaint, the Court only allowed claims to proceed against Governor Joe Lombardo, Sheriff Dennis Balaam, and Warden Oliver. (ECF No. 26). The summons to Sheriff Balaam were returned unexecuted and Sheriff Balaam has not appeared in this action. (ECF No. 36). And the claims against Oliver have been dismissed. (ECF No. 48). So, Governor Lombardo is the only remaining Defendant in this action.

relief, it was filed twice. *See* Nevada Local Rule IC 2-2(b) (explaining that, for each type of relief requested, a separate document must be filed). So, in addressing Plaintiff's motion for protective order, the Court only addresses his request to allow Elliot to assist him in discovery. His request to remain at Ely State Prison will be addressed in his motion for temporary restraining order, filed at ECF No. 74.

Plaintiff asks the Court to allow Elliot "to be present at any and all phone calls or discovery meetings to ensure [Plaintiff] receives and understands the information being discussed and what information to relay to the Defendants." He also asks the Court to allow Elliot "to assist the Plaintiff in the preparation of the identification of discovery items and interrogatories/depositions; to be present during video/phone call conferences with Defendants which will take place at the location of Ely State Prison." Plaintiff also explains that his primary language is Spanish and that he only speaks broken English.

Under Federal Rule of Civil Procedure 26(c)(1)(E),

> A party…from whom discovery is sought may move for a protective order in the court where the action is pending .... The court may, for good cause, issue an order to protect a party ... from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ... (E) designating the persons who may be present while the discovery is conducted.

However, Rule 26(c)(1) also provides that a motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Plaintiff has not included a certification that he has met and conferred with counsel for Defendant regarding this issue.[2] So, the Court denies his motion without prejudice.

---

[2] Under Nevada Local Rule IA 1-3(f)(1), the requirement to meet and confer face-to-face or via telephonic or video conference does not apply in the case of an incarcerated individual appearing pro se, in which case the meet-and-confer requirement may be satisfied through written communication.

**II.      Motion "for reinforcement" (ECF No. 75).**

In his motion "for reinforcement" Plaintiff asks the Court to grant his motion for protective order because no party filed a response to it. (ECF No. 75). However, Plaintiff's motion for protective order failed to include a meet and confer certification, so the Court has already declined to grant it because of Defendant's failure to respond. Plaintiff's motion "for reinforcement" also informs the Court that his motion for protective order was filed twice at both ECF Nos. 73 and 74 and suggests that this was due to some wrongdoing or glitch. It was not. As the Court explained earlier, the motion was properly filed twice under Nevada Local Rule IC 2-2(b). The Court therefore denies Plaintiff's motion "for reinforcement" as moot.

**III.     Motion to join additional parties (ECF No. 76).**

Plaintiff moves under Federal Rule of Civil Procedure 20—which rule allows for permissive joinder of parties—to join additional parties. (ECF No. 76). Plaintiff asks the Court to allow him to add former Governor Steve Sisolak and other individuals whose identity he has yet to discover as Defendants. The Court denies Plaintiff's motion because he has not also sought leave to amend his complaint under Federal Rule of Civil Procedure 15 and has not attached a proposed amended complaint as required by Nevada Local Rule 15-1. *Puget Soundkeeper Alliance v. APM Terminals Tacoma LLC*, 545 F.Supp.3d 893, 895 (W.D. Wash. 2021) (stating that "[w]hen a party seeks to join additional parties to an action, the party must seek leave to amend the complaint and has the burden of meeting the requirements of both Federal Rule of Civil Procedure 15 and Federal Rule of Civil Procedure 20.").

**IV.     Motion to extend discovery (ECF No. 77).**

Plaintiff moves to extend the discovery schedule, explaining that Defendant's counsel has been unresponsive to his discovery requests and requests to meet. (ECF No. 77). Plaintiff also asks the Court to order Defendant's counsel to meet with Plaintiff, Elliot, and a caseworker via video conference. The Court finds that Plaintiff has shown good cause to extend discovery. *See* Fed. R. Civ. P. 16(b)(4); *see* LR 26-3. Plaintiff filed his motion before any of the deadlines in the Court's scheduling order passed. So, the Court grants the motion and will extend the deadlines in its scheduling order by ninety days. The Court denies Plaintiff's request to compel Defendant's

counsel to attend a video conference with Plaintiff, Elliot, and a caseworker. However, given Plaintiff's difficulties contacting counsel for Defendant, the Court will require the parties to meet and confer and submit a joint status report regarding the status of discovery on or before December 29, 2025.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for protective order (ECF No. 73) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion "for reinforcement" (ECF No. 75) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to join additional parties (ECF No. 76) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend discovery (ECF No. 77) is **granted in part and denied in part.** It is granted in part regarding Plaintiff's request to extend discovery. It is denied in part in all other respects. The following deadlines shall govern discovery:

| | |
|---|---|
| Amend pleadings and add parties: | February 17, 2026 |
| Close of discovery: | March 16, 2026 |
| Discovery motions: | March 30, 2026 |
| Motions for summary judgment: | April 15, 2026 |
| Joint pretrial order: | May 15, 2026[3] |

**IT IS FURTHER ORDERED** that the parties must meet and confer and submit a joint status report regarding the status of discovery on or before **December 29, 2025.**

DATED: December 4, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[3] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the joint pretrial order deadline will be suspended until thirty days after decision on the dispositive motions or further court order.