UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Juan Nuno Velasco,<br><br>                    Plaintiff<br><br>v.<br><br>Sheriff Dennis Balaam, et al.,<br><br>                    Defendants | Case No. 2:23-cv-00192-CDS-DJA<br><br>**Order Granting Defendant Lombardo's Motion to Dismiss, Order to Show Cause, and Denying the Plaintiff's Temporary Restraining Order**<br><br>[ECF Nos. 63, 74] |

Plaintiff Juan Nuno Velasco, a prisoner at Southern Desert Correctional Center (SDCC), brings this civil rights lawsuit against several defendants for damages, alleging six causes of action related to his claim that the defendants prevented his return to California for more than twenty years by destroying and concealing his extradition files. First am. compl. (FAC), ECF No. 27. One defendant, Governor Joe Lombardo, moves to dismiss the amended complaint, asserting dismissal is appropriate because he was not the Governor during the time frame Velasco alleges his rights were violated and because the claim against him is time barred. *See* Mot. to dismiss, ECF No. 63. This motion is now fully briefed. Opp'n, ECF No. 69; Reply, ECF No. 70. Because I find that the statute of limitations precludes the claim brought against Governor Lombardo, his motion to dismiss is granted.

I.     **Background**

On May 24, 2024, United States Magistrate Judge Daniel J. Albregts granted Velasco's motion to amend his complaint to substitute defendant "Doe Governor of Nevada" with current Governor Joe Lombardo in claim one. Mot. am., ECF No. 24; Order, ECF No. 26. Claim one alleges that Governor Lombardo and co-defendant Sheriff Dennis Balaam violated 42 U.S.C. § 1983 by arresting, extraditing, and transporting Velasco without a pre-trial extradition hearing approximately 20 years ago. *See* ECF No. 27 at 4–5.

II.    Legal standard

A.  Motions to dismiss

Rule 12(b)(6) authorizes the court to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint, which is a question of law. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, where a complaint pleads sufficient facts "to raise a right to relief above the speculative level, "a court may not dismiss the complaint under Rule 12(b)(6)." *See id.* at 545. In reviewing a motion to dismiss under Rule 12, a court may only consider the complaint, documents incorporated by reference in the complaint and matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Moreover, a pro se complaint must be liberally construed and "may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted).

Although a Rule 12(b)(6) motion usually is not available to raise an affirmative defense, it may be used when the complaint contains allegations showing a complete defense or bar to recovery, such as a statute of limitations problem. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Dismissal on statute of limitations grounds can be granted pursuant to Rule 12(b)(6) "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.*

B.  Statute of limitations in § 1983 actions

Section 1983 claims are governed by state statutes of limitation for personal injury. *Wilson v. Garcia*, 471 U.S. 261, 275–76 (1985); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (same). In Nevada, there is a two-year statute of limitation for only personal injury claims. *See*

2

*Knox v. Davis*, 260 F.3d 1009, 1012–13 (9th Cir. 2001) (explaining that the limitations period for § 1983 actions is determined by "the forum state's statute of limitations for personal injury actions"); NRS 11.190(4), (2) (imposing a two-year statute of limitations on personal injury actions). However, federal law governs when a claim accrues. *Soto v. Sweetman*, 882 F.3d 865, 870 (9th Cir. 2018). The question of accrual "conform[s] in general to common-law tort principles." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The standard rule is that "accrual occurs when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief." *Id.* (simplified).

When borrowing from a state's statute of limitations, federal courts also borrow the state's tolling rules that, in the proper circumstances, may suspend the running of the statute of limitations. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007); *see also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."). For equitable tolling to apply under NRS 11.190(4)(e), a plaintiff must demonstrate that, despite their diligence, extraordinary circumstances beyond their control prevented them from filing within the limitations period. *Fausto v. Sanchez-Flores*, 482 P.3d 677, 681–82 (Nev. 2021). The focus of equitable tolling is "whether there was excusable delay by the plaintiff." *Id.* (citing *City of N. Las Vegas v. State, Local Gov't Emp.-Mgmt. Rels. Bd.*, 261 P.3d 1071, 1077 (Nev. 2011)).

### III.   Discussion

#### A.  Motion to dismiss

As alleged in the FAC, Velasco is a non-English speaker who was arrested and subsequently extradited from Fresno, California, to Nevada without receiving a pre-transfer hearing as required by the "Extradition Act" approximately 20 years ago. *See* ECF No. 27 at 4–5. Velasco further alleges that Nevada authorities have destroyed his original extradition file in bad

faith. *Id.* Liberally construing his allegations, Velasco asserts that Governor Lombardo and Sheriff Dennis Balaam violated his due process rights and are therefore liable under 42 U.S.C. § 1983. *See* ECF No. 69 at 4 (Velasco explaining a due process violation occurred when he was not given an extradition hearing).

Governor Lombardo argues that the sole claim against him should be dismissed because the allegations set forth in the complaint fall well outside Nevada's two-year statute of limitations for a § 1983 claim. ECF No. 63 at 5–6. I agree. Velasco's claim against Governor Lombardo is governed by Nevada's two-year statute of limitations for personal injury actions (*Knox*, 260 F.3d at 1012–13), and the allegations in the amended complaint involve events that took place 20 years ago when Velasco was extradited from California to Nevada. *See* ECF No. 27. Velasco alleges that he has spent "more than 20 years, thousands of dollars [of] legal research, legal copy work, to get a small portion of his extradition file from the court [in] California." ECF No. 27 at 5. Because Velasco has known about his missing extradition file for more than 20 years, his claim is time-barred.

Velasco's opposition does not save this claim. In his opposition, Velasco argues that he has "consistently been within the judicial system seeking relief, for his return to California" by filing petitions for writs of habeas corpus, mandamus, and other motions. ECF No. 69 at 8. But this only demonstrates that Velasco knew of the alleged due process violation and chose not to bring this claim within the two-year statute of limitations.

This conclusion does not change even if I construe this argument as arising under a continuing violation theory (CVT). *See Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir. 1997) (explaining that the continuing violation theory applies to § 1983 actions). CVT allows a plaintiff to seek relief for events outside of the limitations period. *See Williams v. Owens-Illinois, Inc.*, 665 F.2d 918, 924 (9th Cir. 1982). The only way Velasco could demonstrate this claim is based on a CVT, is to "state facts sufficient to support a determination that the alleged discriminatory acts are related closely enough to constitute a continuing violation, and that one or more of the

4

acts falls within the limitations period." *DeGrassi v. City of Glendora*, 207 F.3d 636, 645 (9th Cir. 2000) (citation modified). But the Ninth Circuit has repeatedly held that a "mere 'continuing impact from past violations is not actionable.'" *Grimes v. Cty. & Cnty. of S.F.*, 951 F.2d 236, 238–39 (9th Cir. 1991).

Here, Velasco's claim against Governor Lombardo accrued when he when learned he did not receive a pre-transfer extradition hearing, and his extradition file had been destroyed. Per the FAC's allegations, that was approximately 20 years ago. Even reading his response broadly, Velasco maintains that he "alerted authorities" through his criminal appeals process in 2009, which is still well over the two-year statute of limitations period. *See* ECF No. 69 at 11. His argument that his § 1983 action constitutes a continuous violation is not persuasive. Rather, the allegations in support of his claim against Lombardo constitute a continuing impact from the past alleged violation of his rights when he was extradited from California to Nevada. Neither the complaint nor the opposition to the motion to dismiss demonstrates that despite his diligence, extraordinary circumstances beyond his control prevented Velasco from filing within the limitations period.

Consequently, Velasco's 42 U.S.C. § 1983 claim against Governor Lombardo is time-barred by the relevant statute of limitation and therefore dismissed with prejudice. I dismiss with prejudice because amendment would be futile as the applicable limitation period expired long before Velasco initiated this action.[1]

---

[1] Even if this claim was not time-barred, it would nonetheless be dismissed because Velasco is suing Lombardo in his official capacity. *See* ECF No. 69 at 18 ("Plaintiff Velasco has clearly stated upon his civil complaint that he is 'sueing' [sic] the person within the official capacity of Governor of the State of Nevada."). A lawsuit brought "against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As such, "it is no different from a suit against the State itself." *Id.* Neither a state nor its officials acting in their official capacities are "persons" for the purposes of 42 U.S.C. § 1983. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (affirming dismissal of claims against prison officials in their official capacities because they are not persons within the meaning of § 1983). A state agency, as an arm of the state, is immune from suit in federal court under the Eleventh Amendment. *Howlett v. Rose*, 496 U.S. 356, 365 (1990).

### B.   Motion for temporary restraining order

On October 17, 2025, Velasco also filed a "motion for temporary restraining order." *See* TRO, ECF No. 74. While docketed as a temporary restraining order, the motion is titled "[r]equest for protective order for discovery purposes." *See id.*[2] In his motion, he requests (1) to remain at the Ely State Prison (ESP), and (2) that certain individuals be allowed to assist him in discovery. *Id.*

Velasco's motion for a temporary restraining order suffers numerous defects. First, Velasco does not provide support for his requested relief. Although he cites to the Federal Rules of Civil Procedure for his discovery related relief, he does not provide any points and authorities for his request to remain at ESP. *See* LR 7-2(d) (explaining the failure of a moving party to include points and authorities in support of the motion constitutes a consent to denying the motion). On this basis alone, I may deny his requested relief—but I nonetheless address the motion.

Velasco's motion is also deficient because it fails to meet the standard demonstrating that he is entitled to a temporary restraining order. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20–22 (2008)); *see also* Fed. R. Civ. P. 65(b)(1)(A) (a temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"). The burden to achieve injunctive relief is particularly high when a party seeks a mandatory injunction. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). This is because mandatory injunctions go beyond an injunction preventing a party

---

[2] Prior to filing his motion for temporary restraining order, Velasco also filed a separate motion for protective order. *See* ECF No. 73. On December 4, 2025, Magistrate Judge Daniel J. Albregts entered an ordering denying Velasco's motion for a protective order because he failed to comply with Rule 26(c)(1) by not including a certification that he has met and conferred with counsel. *See* Order, ECF No. 78 at 2. That same order also stated that it would address his request to remain at ESP in a separate order. *Id.* This order addresses that request.

from acting and are therefore beyond mere maintenance of the status quo. *Id.* Instead, they require a party to act. *Id.* The Ninth Circuit has made clear that district courts must deny requests for mandatory injunctions unless the law and facts clearly favor a moving party. *Id.*

While the court is empathetic to Velasco's concern regarding potential exposure and possible loss or damage of his documents (ECF No. 74 at 3), he has not provided the court with any authority that he relies on to seek this request. *See Armstrong v. Brown*, 768 F.3d 975, 983 (9th Cir. 2014) (explaining that courts "may not attempt to micromanage prison administration" (citation modified)). Moreover, Velasco fails to demonstrate irreparable harm if a TRO does not issue. At best, Velasco implies that some harm *may occur* if the court does not act to restrain prison officials from interfering with his access to the court. This is insufficient. To grant a TRO the court must find that imminent, irreparable harm is likely in the absence of a court order. *Stormans*, 586 F.3d at 1127. I can make no such finding here, so I deny his motion for a temporary restraining order.

## III.    Order to Show Cause

Claims one through four of the amended complaint arise from Velasco's extradition twenty years ago. The allegations in the amended complaint for each of these claims fall well outside of Nevada's two-year statute of limitations for § 1983 claims. Accordingly, I hereby order Velasco to show cause, in writing, by February 6, 2026, explaining why claims one through four should not be dismissed as time barred.

## IV.    Conclusion

IT IS HEREBY ORDERED that Governor Joe Lombardo's motion to dismiss [ECF No. 63] is GRANTED, and he is dismissed from this action.

IT IS FURTHER ORDERED that Velasco's motion for temporary restraining order [ECF No. 74] is DENIED.

IT IS FURTHER ORDERED that Juan Nuno Velasco must show cause by filing a WRITTEN RESPONSE to this order explaining why claims one through four in the amended complaint should not be dismissed as time barred **by February 6, 2026**. If Velasco fails to file a response to this show cause order by the deadline, the court will dismiss claims one through four of the amended complaint without further notice to plaintiff.

Dated: January 21, 2026

_____
Cristina D. Silva
United States District Judge